UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| RANDY D. MILES | ) | |
| --- | --- | --- |
| *Petitioner*, | ) | |
| v. | ) | No. 4:10-cv-08 |
| | ) | *Mattice* |
| HOWARD CARLTON, Warden | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Randy D. Miles ("Miles"). The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent. Miles has not filed a response to the motion to dismiss and the court deems Miles to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 5] will be **GRANTED** and this action will be **DISMISSED**.

Miles challenges his 2003 Franklin County convictions for aggravated rape and aggravated kidnapping. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the relevant documents in Mile's direct appeal and post-conviction proceedings. [Court File No. 10, Brief in Support of Motion to Dismiss, Attachments 1-8].

Miles was convicted by a jury of two counts of aggravated rape and one count of aggravated kidnapping; he was sentenced to concurrent terms of 24 years, six months on each of the aggravated rape convictions, and 11 years, nine months on the aggravated kidnapping conviction, for a total effective sentence of 24 years, six months. On direct appeal, the Tennessee Court of Criminal Appeals reversed one count of aggravated rape, affirmed the remaining conviction for aggravated rape and the conviction for aggravated kidnapping, and modified Miles' sentences to 22 years and nine years, respectively. *State v. Miles*, 2004 WL 2218469 (Tenn. Crim. App. Sept. 30, 2004), *perm. app. denied, id.* (Tenn. Feb. 28, 2005).

Miles then filed a petition for writ of habeas corpus under state law in the Circuit Court of Hardeman County, Tennessee, which was dismissed by the trial court and Miles did not appeal. *Miles v. State*, R.D. 05-02-0068 (Cir. Ct. Hardeman County Aug. 16, 2005) (order dismissing habeas corpus petition) [Attachment 3].

Miles next filed a petition for post-conviction relief, which was denied after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Miles v. State*, 2008 WL 3982886 (Tenn. Crim. App. July 21, 2008), *perm. app. denied, id.* (Tenn. Jan. 26,

2009). He filed the pending habeas corpus petition on January 25, 2010.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Miles' conviction became final on May 29, 2005, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal). The statute of limitation commenced running at that time.

Miles' state habeas petition and his state post-conviction petition tolled the running of the statute of limitation, but only while they were pending. *See Payton v. Brigano*, 256

---

[1] The petition was received by the Clerk's Office on February 1, 2010. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on January 25, 2010. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The state habeas petition was filed on August 4, 2005[2], at which time 67 days of the one-year statute of limitations had elapsed, leaving 298 days for filing a federal habeas corpus petition. The habeas petition was denied on August 16, 2005, Miles had 30 days within which to appeal but did not do so, and the statute of limitation resumed running on September 15, 2005. The post-conviction petition was filed on February 21, 2006[3], at which time another 159 days of the one-year statute of limitation had elapsed, leaving only 139 days for filing a federal habeas corpus petition.

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on January 26, 2009, and the statute of limitation resumed running on that date. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (statute of limitation is not tolled during the pendency of a petition for certiorari to the U.S. Supreme Court); *Dunlap v. State*, No. E2001-00189-CCA-R3-PC, 2001 WL 1231507 *3 (Tenn. Crim. App. October 12, 2001), *perm. app. denied, id*. (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission to appeal; the 30 days after judgment for the mandate to issue does not apply to toll a statute of limitation).

---

[2] According to the Order of the Hardeman County Circuit Court, the habeas petition was filed on August 4, 2005. [Attachment 3, Order].

[3] According to the brief filed by Miles' attorney on appeal from the denial of post-conviction relief, the post-conviction petition was filed on February 21, 2006. [Attachment 5, Brief of Appellant, p. 7].

As noted, Miles had 139 days, or until June 14, 2009, to seek federal habeas corpus relief. Miles' habeas corpus petition was not filed until January 25, 2010. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. See *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

                  */s/Harry S. Mattice, Jr.*
                  HARRY S. MATTICE, JR.
                  UNITED STATES DISTRICT JUDGE